**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RONNICE LEE,
4512 5th St. NW
Washington, DC 20011

       Plaintiff,

v.

EQUIFAX INFROMATION SERVICES, LLC
1550 Peachtree Street NW
Atlanta, Georgia 30309

    Serve:  Corporation Service Company
           1156 15th Street NW, Suite 605
           Washington, D.C. 20005

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

    Serve:  C T Corporation System
           1015 15th Street NW, Suite 1000
           Washington, D.C. 20005

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

    Serve:  Corporation Service Company
           1156 15th Street NW, Suite 605
           Washington, D.C. 20005

       Defendants.

Civil Action No. 1:26-cv-1043

**COMPLAINT**

Plaintiff Ronnice Lee, by counsel, files this Complaint against Defendants Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC (collectively, "Defendants"). In support, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for statutory, actual, and punitive damages; costs; and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x.

2.      Plaintiff is the victim of identity theft, which "has emerged" as "one of the fastest growing white-collar crimes in the United States." *Sloane v. Equifax Info. Services, LLC*, 510 F.3d 495, 505, 2007 WL 4535267 (4th Cir. 2007). Surveys have shown that "between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone." *Id.*

3.      The FCRA "provides the primary recourse for victims of identity theft." Christopher P. Couch, *Forcing the Choice Between Commerce & Consumers: Application of the FCRA to Identity Theft*, 53 Ala. L. Rev. 583, 587 (2002).

4.      The FCRA's purpose is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681.

5.      To achieve this purpose, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. *Id.*   Thus, the FCRA holds the credit reporting agencies and furnishers responsible for taking reasonable steps to correct a consumer's credit report once she brought the theft to the agency's attention. *See Sloane*, 510 F.3d at 506–07 ("Of course, Equifax bore no responsibility for the initial theft, but the FCRA makes the company responsible for taking reasonable steps to correct Suzanne's credit report once she brought the theft to the company's attention; this Equifax utterly failed to do.").

6.      As a result of identity theft, Plaintiff's credit reports included a personal loan account that Plaintiff did not sign up for or authorize.

7.      After Plaintiff disputed the inaccurate information to Equifax, Experian, and Trans Union, they failed to conduct reasonable investigations and delete the inaccurate information from Plaintiff's credit reports.

8.      Upon information and belief, as of the date of filing of this Complaint, the inaccurate information is still being reported in Plaintiff's credit reports.

9.      Accordingly, Plaintiff alleges claims against Equifax, Experian, and Trans Union for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of § 1681e(b), and for failing to fulfill its reinvestigation duties in violation of § 1681i.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction under 28 U.S.C. § 1331.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, where Plaintiff resides.

## PARTIES

12.     Plaintiff is a natural person residing in this District and Division and a consumer as defined by 15 U.S.C. § 1681a(c).

13.     Equifax is a foreign limited liability company with a principal place of business in Atlanta, Georgia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14.     Experian is a foreign corporation with a principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

15.     Trans Union is a foreign limited liability company with a principal place of business in Chicago, Illinois. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**FACTS**

16. In or around November 2023, an unknown fraudster hacked Plaintiff's NFCU account and took out a personal loan in Plaintiff's name.

17. Plaintiff did not authorize that personal loan or give anyone else permission to use her NFCU account or membership.

18. Although it was beyond dispute that Plaintiff did not apply for the personal loan, NFCU continued to hold Plaintiff responsible and dunned her for payments.

19. Fearing that not making payments would negatively impact her credit, Plaintiff initially made payments while continuing to dispute the personal loan account with NFCU directly.

20. Eventually, Plaintiff stopped making payments because she could not afford to pay for a loan that she did not take out.

21. On or about September 25, 2024, Plaintiff mailed dispute letters to Equifax, Experian, and Trans Union, disputing the personal loan account.

22. Upon information and belief, Equifax, Experian, and Trans Union each forwarded notification of Plaintiff's dispute letters to NFCU.

23. Each of Plaintiff's letters explained that she did not take out the loan and that someone had hacked her NFCU account.

24. Plaintiff's letters further explained that her personal information had been compromised by a data breach involving her employer.

25. Additionally, Plaintiff enclosed copies of her driver's license and social security card to establish her identity.

26. Despite Plaintiff's disputes, the inaccurate reporting remained.

27.    Upon information and belief, Equifax, Experian, and Trans Union: (i) relied entirely on NFCU's investigation results to verify the personal loan account; and (ii) neglected to conduct any other investigation into Plaintiff's dispute.

28.    On or about December 18, 2024, Plaintiff mailed follow-up dispute letters to Equifax, Experian, and Trans Union.

29.    Upon information and belief, Equifax, Experian, and Trans Union each forwarded notification of Plaintiff's second dispute letters to NFCU.

30.    Plaintiff's second dispute letters again disputed the still-reporting personal loan account, explaining that Plaintiff did not incur that debt or authorize anyone else to do the same.

31.    Plaintiff's second letters again referenced the data breach involving Plaintiff's employer.

32.    Plaintiff even attached the letter from her employer that referenced the data breach.

33.    But as before, the inaccurate reporting remained on Plaintiff's credit reports following her second disputes.

34.    Upon information and belief, Equifax, Experian, and Trans Union: (i) relied entirely on NFCU's investigation results to verify the personal loan account; and (ii) neglected to conduct any other investigation into Plaintiff's dispute.

35.    On or about December 2025, Plaintiff mailed third dispute letters to Equifax, Experian, and Trans Union.

36.    In addition to the information previously provided, Plaintiff's third letters referenced a public incident report that was on file with the Metropolitan Police Department since December 2023.

37.     On behalf of a class of similarly situated individuals, Plaintiff filed a lawsuit against NFCU in the United States District Court for the Eastern District of Virginia on September 8, 2025, alleging that NFCU had wrongfully held members liable for unauthorized personal loans.

38.     On February 5, 2026, the parties advised the Court of a class settlement, and on March 20, the parties filed a motion for preliminary approval of a class action settlement that, among other relief, canceled the fraudulent personal loans, including the loan at issue in this case, and reimbursed NFCU members all payments made on the loans.

39.     NFCU does not dispute that the personal loans subject of that settlement, including the one attributed to Plaintiff, were fraudulent.

40.     As a result of Defendants' conduct, Plaintiff suffered significant actual damages, including inability to obtain credit, a decreased credit score, and emotional distress.

### *Defendants' FCRA Violations Were Willful*

41.     As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the responses of furnishers despite several court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

42.    Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once NFCU erroneously verified the account as belonging to Plaintiff, and they did not take any additional actions to verify the accuracy of the information that NFCU provided.

43.    Instead, Equifax, Experian, and Trans Union blindly accepted NFCU's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

44.    Equifax, Experian, and Trans Union continue the practice of parroting the furnisher's response despite several lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation under the FCRA.

45.    Equifax, Experian, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

46.    As a result, at all times relevant to this Complaint, Equifax's, Experian's, and Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

**COUNT ONE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

47.    Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

48.    Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

49.     Because of Equifax's, Experian's, and Trans Union's conduct, Plaintiff suffered actual damages, including, without limitation, inability to obtain credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

50.     Equifax's, Experian's, and Trans Union's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT TWO:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681i**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

51.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

52.     Equifax, Experian, and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide NFCU with all the relevant information about Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

53.     Because of Equifax's, Experian's, and Trans Union's violations of §1681i, Plaintiff suffered actual damages, including, but not limited to, inability to obtain credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

54.     Equifax's, Experian's, and Trans Union's violations of § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs,

and attorneys' fees under 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to a recovery under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; her attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

**PLAINTIFF**

  /s/ *Kristi C. Kelly*
Kristi C. Kelly, DC No. 974872
Casey S. Nash, DC No. 1028868
Kelly Guzzo, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572 – Telephone
(703) 591-0167 – Facsimile
Email: kkelly@kellyguzzo.com
Email: casey@kellyguzzo.com

*Counsel for Plaintiff*

9