IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNICE LEE,

        Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC,

        Defendants.

Case No. 1:26-cv-01043-ABJ

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action for statutory, actual, and punitive damages; costs; and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

**ANSWER:**

Equifax admits that Plaintiff brings a civil action alleging violation of the FCRA. Equifax denies that it violated the FCRA, denies that any action or inaction of Equifax proximately caused Plaintiff injury, and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

**COMPLAINT ¶2:**

Plaintiff is the victim of identity theft, which "has emerged" as "one of the fastest growing white-collar crimes in the United States." *Sloane v. Equifax Info. Services, LLC*, 510 F.3d 495, 505, 2007 WL 4535267 (4th Cir. 2007). Surveys have shown that "between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone." *Id*.

-2-

**ANSWER:**

Equifax admits that Plaintiff alleges to be a victim of identity theft, but states that it is Plaintiff's burden to prove that allegation. At the time of the filing of this Answer, Equifax is without knowledge or information sufficient form a belief as to the truth of that allegation. Equifax denies that its response to this paragraph may be deemed an admission regarding Equifax's handling of any dispute as may have been submitted by Plaintiff or someone acting on her behalf. Equifax states that the case law referenced by this paragraph speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶3:**

The FCRA "provides the primary recourse for victims of identity theft." Christopher P. Couch, *Forcing the Choice Between Commerce & Consumers: Application of the FCRA to Identity Theft*, 53 Ala. L. Rev. 583, 587 (2002).

**ANSWER:**

Equifax states that the scholarly article referenced by this paragraph speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶4:**

The FCRA's purpose is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681.

**ANSWER:**

Equifax states that the statutory provision referenced by this paragraph speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

325259894v.1

**COMPLAINT ¶5:**

To achieve this purpose, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. *Id*. Thus, the FCRA holds the credit reporting agencies and furnishers responsible for taking reasonable steps to correct a consumer's credit report once she brought the theft to the agency's attention. *See Sloane*, 510 F.3d at 506-07 ("Of course, Equifax bore no responsibility for the initial theft, but the FCRA makes the company responsible for taking reasonable steps to correct Suzanne's credit report once she brought the theft to the company's attention; this Equifax utterly failed to do.").

**ANSWER:**

Equifax states that the statutory provision referenced by this paragraph speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶6:**

As a result of identity theft, Plaintiff's credit reports included a personal loan account that Plaintiff did not sign up for or authorize.

**ANSWER:**

Equifax admits that Plaintiff alleges to be a victim of identity theft, but states that it is Plaintiff's burden to prove that allegation. At the time of the filing of this Answer, Equifax is without knowledge or information sufficient form a belief as to the truth of that allegation. Equifax denies that its response to this paragraph may be deemed an admission regarding Equifax's handling of any dispute as may have been submitted by Plaintiff or someone acting on her behalf.

**COMPLAINT ¶7:**

After Plaintiff disputed the inaccurate information to Equifax, Experian, and Trans Union, they failed to conduct reasonable investigations and delete the inaccurate information from Plaintiff's credit reports.

**ANSWER:**

Equifax admits that it received disputes from Plaintiff or someone acting on her behalf. The disputes received by Equifax speak for themselves, and to the extent that Plaintiff misstates,

325259894v.1

misquotes, mischaracterizes or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶8:**

Upon information and belief, as of the date of filing of this Complaint, the inaccurate information is still being reported in Plaintiff's credit reports.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax is without knowledge or information sufficient form a belief as to the truth of that allegation. Equifax denies that its response to this paragraph may be deemed an admission regarding Equifax's handling of any dispute as may have been submitted by Plaintiff or someone acting on her behalf.

**COMPLAINT ¶9:**

Accordingly, Plaintiff alleges claims against Equifax, Experian, and Trans Union for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of § 1681e(b), and for failing to fulfill its reinvestigation duties in violation of § 1681i.

**ANSWER:**

Equifax admits that Plaintiff brings a civil action alleging violation of the FCRA. Equifax denies that it violated the FCRA, denies that any action or inaction of Equifax proximately caused Plaintiff injury, and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT ¶10:**

This Court has jurisdiction under 28 U.S.C. § 1331.

**ANSWER:**

Equifax admits that, to the extent Plaintiff has properly alleged her claims this Court may exercise its jurisdiction.

325259894v.1

**COMPLAINT ¶11:**

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, where Plaintiff resides.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**PARTIES**

**COMPLAINT ¶12:**

Plaintiff is a natural person residing in this District and Division and a consumer as defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶13:**

Equifax is a foreign limited liability company with a principal place of business in Atlanta, Georgia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax admits that it is a Georgia limited liability company registered to do business in the District of Columbia. Equifax further admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax denies the remaining allegations in this paragraph.

325259894v.1

**COMPLAINT ¶14:**

Experian is a foreign corporation with a principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Trans Union is a foreign limited liability company with a principal place of business in Chicago, Illinois. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**FACTS**

**COMPLAINT ¶16:**

In or around November 2023, an unknown fraudster hacked Plaintiff's NFCU account and took out a personal loan in Plaintiff's name.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

Plaintiff did not authorize that personal loan or give anyone else permission to use her NFCU account or membership.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325259894v.1

-7-

**COMPLAINT ¶18:**

Although it was beyond dispute that Plaintiff did not apply for the personal loan, NFCU continued to hold Plaintiff responsible and dunned her for payments.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Fearing that not making payments would negatively impact her credit, Plaintiff initially made payments while continuing to dispute the personal loan account with NFCU directly.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Eventually, Plaintiff stopped making payments because she could not afford to pay for a loan that she did not take out.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

On or about September 25, 2024, Plaintiff mailed dispute letters to Equifax, Experian, and Trans Union, disputing the personal loan account.

**ANSWER:**

Equifax admits on October 17, 2024 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

Upon information and belief, Equifax, Experian, and Trans Union each forwarded notification of Plaintiff's dispute letters to NFCU.

**ANSWER:**

Equifax admits that it generated documents in response to the completion of its reinvestigation, the contents of which speak for themselves.

**COMPLAINT ¶23:**

Each of Plaintiff's letters explained that she did not take out the loan and that someone had hacked her NFCU account.

**ANSWER:**

Equifax admits on October 17, 2024 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Plaintiff's letters further explained that her personal information had been compromised by a data breach involving her employer.

**ANSWER:**

Equifax admits on October 17, 2024 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

Additionally, Plaintiff enclosed copies of her driver's license and social security card to establish her identity.

**ANSWER:**

Equifax admits on October 17, 2024 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Despite Plaintiff's disputes, the inaccurate reporting remained.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶27:**

Upon information and belief, Equifax, Experian, and Trans Union: (i) relied entirely on NFCU's investigation results to verify the personal loan account; and (ii) neglected to conduct any other investigation into Plaintiff's dispute.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

On or about December 18, 2024, Plaintiff mailed follow-up dispute letters to Equifax, Experian, and Trans Union.

**ANSWER:**

Equifax admits on January 3, 2025 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

325259894v.1

**COMPLAINT ¶29:**

Upon information and belief, Equifax, Experian, and Trans Union each forwarded notification of Plaintiff's second dispute letters to NFCU.

**ANSWER:**

Equifax admits that it generated documents in response to the completion of its reinvestigation, the contents of which speak for themselves.

**COMPLAINT ¶30:**

Plaintiff's second dispute letters again disputed the still-reporting personal loan account, explaining that Plaintiff did not incur that debt or authorize anyone else to do the same.

**ANSWER:**

Equifax admits on January 3, 2025 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

Plaintiff's second letters again referenced the data breach involving Plaintiff's employer.

**ANSWER:**

Equifax admits on January 3, 2025 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Plaintiff even attached the letter from her employer that referenced the data breach.

325259894v.1

**ANSWER:**

Equifax admits on January 3, 2025 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

But as before, the inaccurate reporting remained on Plaintiff's credit reports following her second disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶34:**

Upon information and belief, Equifax, Experian, and Trans Union: (i) relied entirely on NFCU's investigation results to verify the personal loan account; and (ii) neglected to conduct any other investigation into Plaintiff's dispute.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

On or about December 2025, Plaintiff mailed third dispute letters to Equifax, Experian, and Trans Union.

**ANSWER:**

Equifax admits on January 10, 2026 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

325259894v.1

**COMPLAINT ¶36:**

In addition to the information previously provided, Plaintiff's third letters referenced a public incident report that was on file with the Metropolitan Police Department since December 2023.

**ANSWER:**

Equifax admits on January 10, 2026 that it received a letter purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

On behalf of a class of similarly situated individuals, Plaintiff filed a lawsuit against NFCU in the United States District Court for the Eastern District of Virginia on September 8, 2025, alleging that NFCU had wrongfully held members liable for unauthorized personal loans.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

On February 5, 2026, the parties advised the Court of a class settlement, and on March 20, the parties filed a motion for preliminary approval of a class action settlement that, among other relief, canceled the fraudulent personal loans, including the loan at issue in this case, and reimbursed NFCU members all payments made on the loans.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

NFCU does not dispute that the personal loans subject of that settlement, including the one attributed to Plaintiff, were fraudulent.

-12-

325259894v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

As a result of Defendants' conduct, Plaintiff suffered significant actual damages, including inability to obtain credit, a decreased credit score, and emotional distress.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

*Defendants' FCRA Violations Were Willful*

**COMPLAINT ¶41:**

As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the responses of furnishers despite several court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230-31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶42:**

Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once NFCU erroneously verified the account as belonging to Plaintiff, and they did not take any additional actions to verify the accuracy of the information that NFCU provided.

-13-

-14-

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶43:**

Instead, Equifax, Experian, and Trans Union blindly accepted NFCU's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶44:**

Equifax, Experian, and Trans Union continue the practice of parroting the furnisher's response despite several lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation under the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶45:**

Equifax, Experian, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶46:**

As a result, at all times relevant to this Complaint, Equifax's, Experian's, and Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325259894v.1

**COUNT ONE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

**COMPLAINT ¶47:**

Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶48:**

Equifax, Experian, and Trans Union violated 15 U.S.C. §  1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶49:**

Because of Equifax's, Experian's, and Trans Union's conduct, Plaintiff suffered actual damages, including, without limitation, inability to obtain credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶50:**

Equifax's, Experian's, and Trans Union's conduct in violating § 1681 e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

325259894v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COUNT TWO:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681i**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

**COMPLAINT ¶51:**

Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶52:**

Equifax, Experian, and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide NFCU with all the relevant information about Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶53:**

Because of Equifax's, Experian's, and Trans Union's violations of §1681i, Plaintiff suffered actual damages, including, but not limited to, inability to obtain credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

-16-

**COMPLAINT ¶54:**

Equifax's, Experian's, and Trans Union's violations of § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to a recovery under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; her attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**TRIAL BY JURY IS DEMANDED.**

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

-17-

## SECOND DEFENSE

To the extent Plaintiff recovers from another entity for the same damages alleged to have been caused by Equifax, Plaintiff's recovery, if any, should be barred or decreased by reason of the One Satisfaction Rule.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  June 11, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Julie Surell Siegel*
     Julie Surell Siegel, DC Bar No. 1002858
     jssiegel@seyfarth.com
     SEYFARTH SHAW LLP
     975 F Street, N.W.
     Washington, DC  20004-1454
     Telephone:  (202) 828-3595
     Facsimile:  (202) 828-5393

*Counsel for Defendant*
*Equifax Information Services LLC*

325259894v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


   */s/ Julie Surell Siegel*

Julie Surell Siegel
*Counsel for Defendant*
*Equifax Information Services LLC*

325259894v.1